# ADOLFO SIXTO

## v.

# LAUREANO SARRIA.

San Juan, Law, No. 158. Supplementary Proceedings.

Money improperly in the registry of the court by virtue of an interlocutory order in supplementary proceedings will be returned to the party who paid in the same.

Opinion filed July 2, 1906.

---

*N. B. K. Pettingill, Esq.,* attorney for plaintiff.

*Henry F. Hord, Esq.,* attorney for defendant.

*Willis Sweet, Esq.,* attorney for garnishee.

Rodey, Judge, delivered the following opinion:

The court is brought to examine this record because of the fact that a bill in equity has recently been filed in this court by one Carlos Le Brun, the said bill in equity being cause No. 355 on the equity docket, wherein the said Le Brun prays for relief against the effect of an order made in this supplementary proceeding under date of April 24, 1905, whereby he was required to pay $13,908.90 into the registry of this court.

On examining into the matter the court finds that this supplementary proceeding and the order made requiring the said Le Brun to pay the above sum of money into the registry of the court have caused a good deal of litigation,—in fact, it has caused the aforementioned bill in equity to be filed against several parties, and has caused a suit at law, which is No. 339, (post, 168,) on the docket of this court, to be filed by one Pedro Romero against the said Le Brun, and that there are also pending habeas corpus proceedings to relieve one Sarria, the original judgment debtor, from a commitment for contempt in connection with said proceedings.

An examination of the record in this particular matter discloses the fact that, while the order requiring the said Le Brun as aforesaid to pay said money into the registry of this court is unfortunately phrased, and appears to be in a measure a finality and an appropriation of the money to the payment of the debt in question, still, under all the circumstances of the case, it is manifest that the order could not be otherwise than interlocutory; and this fact is rendered certain because the judge then on the bench in fact filed with the case an opinion

Sixto. v. Sarria.

setting forth that said order was in fact intended to be and was considered as interlocutory.

The court is therefore of opinion that the above-mentioned sum of money was, as the present incumbent of this bench believes, improvidently ordered to be so paid into court by the former judge, because there was not sufficient evidence to show to a certainty that the money belonged to the judgment debtor, or could be subjected to the payment of the debt. In fact, the only evidence then before the court, so far as the record shows, was the evidence of Le Brun that the debt he owed to the judgment debtor was represented by negotiable promissory notes not yet due. In justification of the former judge it may be said that, when such evidence was given, he could not be certain that it was true, but it afterwards developed that the notes in fact were negotiable, and, so far as the evidence shows, had in fact been transferred for a valuable consideration to an innocent third party before they were due, and were produced here in court at the time the suit was brought against Le Brun upon them.

The court is therefore now of opinion that the above-mentioned money is improperly in the registry of this court, and that such fact is subjecting the said Le Brun to unnecessary annoyance and expense, and that the same ought to be returned to him without delay. An order to that effect has therefore been entered.